United States Bankruptcy Court

Middle District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-01871-MJC |
| Angel L. Vargas, Jr. | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0314-5 | User: AutoDocke | Page 1 of 2 |
| Date Rcvd: Sep 26, 2023 | Form ID: pdf002 | Total Noticed: 16 |

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 28, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Angel L. Vargas, Jr., 231 S. 2nd St., Lehighton, PA 18235-2105 |
| 5561066 | | Law Office of Kevin K Kercher Esq PC, 881 3rd St Ste C2, Whitehall, PA 18052-5930 |
| 5561072 | + | Penny Mac Mortgage, PO Box 514387, Los Angeles, CA 90051-4387 |
| 5561065 | | Vargas Angel L Jr, 231 S 2nd St, Lehighton, PA 18235-2105 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5561067 | | Email/Text: backoffice@affirm.com | Sep 26 2023 18:34:00 | Affirm, Inc., PO Box 6760, Pittsburgh, PA 15212-0760 |
| 5561068 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 26 2023 18:42:07 | Capital One, P.O. Box 30285, Salt Lake City, UT 84130-0285 |
| 5562709 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Sep 26 2023 18:42:07 | Capital One N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5561953 | | Email/Text: mrdiscen@discover.com | Sep 26 2023 18:34:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 5561069 | | Email/Text: mrdiscen@discover.com | Sep 26 2023 18:34:00 | Discover Card, PO Box 71084, Charlotte, NC 28272-1084 |
| 5561070 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Sep 26 2023 18:34:00 | Internal Revenue Servic, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5562582 | | Email/PDF: resurgentbknotifications@resurgent.com | Sep 26 2023 18:41:58 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5561071 | | Email/PDF: cbp@omf.com | Sep 26 2023 18:41:58 | One Main Financial, PO Box 9001122, Louisville, KY 40290-1122 |
| 5566089 | + | Email/PDF: cbp@omf.com | Sep 26 2023 18:42:04 | OneMain Financial, PO Box 3251, Evansville, IN 47731-3251 |
| 5561073 | | Email/Text: jaxbanko@td.com | Sep 26 2023 18:34:00 | TD Auto Finance, P.O. Box 16039, Lewiston, ME 04243-9520 |
| 5562172 | | Email/Text: jaxbanko@td.com | Sep 26 2023 18:34:00 | TD Bank, N.A., PO Box 16041, Lewiston, ME 04243-9523 |
| 5562171 | + | Email/Text: bncgeneral@evanspetree.com | Sep 26 2023 18:34:00 | TD Bank, N.A., successor in interest to TD Auto Fi, c/o Jacob Zweig, Esq., EVANS PETREE PC, 1715 Aaron Brenner Drive, Suite 800, Memphis, TN 38120-1445 |

TOTAL: 12

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a

**preferred address, or ## out of date forwarding orders with USPS.**
NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 28, 2023        Signature:        /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 26, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| Jacob Zweig | on behalf of Creditor TD Bank N.A., successor in interest to TD Auto Finance LLC jzweig@evanspetree.com, bfox@evanspetree.com |
| Kevin Karl Kercher | on behalf of Debtor 1 Angel L. Vargas Jr. kevinkk@kercherlaw.com, kevin@kercherlaw.com |
| Michael Patrick Farrington | on behalf of Creditor PENNYMAC LOAN SERVICES LLC mfarrington@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**ANGEL L. VARGAS**

**Debtor(s)**

| | |
|---|---|
| CHAPTER: | 13 |
| CASE NO. | 23-bk-XX MJC |
| X | ORIGINAL PLAN |
| 1st, 2nd, 3rd | AMENED PLAN (indicate #) |
| 0 | Number of Motions to Avoid Liens |
| 0 | Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | X Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | X Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>Plan Payments From Future Income</u>

    1. To date, the Debtor paid $ 0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee $11,000 ($220.00 for 50 months) for the remaining term of the plan. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 11,000.00 plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 9/2023 | 11/2027 | $220.00 | - | $220.00 | $11,000.00 |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  |  |  |
    |  |  |  |  | Total Payments: | $11,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
        ☑ Debtor is at or under median income.

    B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

    1. The Debtor estimates that the liquidation value of this estate is $ **9,300**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) **The liquidation value of Debtor's real estate is $9,300. See attached Exhibit "A", Equity Analysis.**

2

*Check one of the following two lines:*

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

**2. SECURED CLAIMS.**

    A. **Pre-Confirmation Distributions.** *Check One:*

       ☐ **X None.**
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

       ☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

3

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

X Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Mortgage | 213 S. 2nd Street, Lehighton, PA | 3566 |
| TD Auto Finance | 2019 Ford Escape | 2449 |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☑

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ X None.

F. **Surrender of Collateral.** *Check One:*

4

  ☑ **None.**

G. <u>**Lien Avoidance.**</u> *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

  ☑ **None.**

3. **PRIORITY CLAIMS.**

 A. <u>**Administrative Claims**</u>

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

 a. In addition to the retainer of $ 2,000 already paid by the Debtor, the amount of $ $2,500 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

 b. $ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

  ☑ **None.**

B. **Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $2,347 |

5

|  |  |
|---|---|
|  |  |
|  |  |

    *C.* **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one:*

        ☑ **None.**

**4. UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

        ☑ **None.**

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

        ☑ **None.**

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

    ☐ plan confirmation.
    ☐ entry of discharge.
    ☒ closing of case.

**7. DISCHARGE:** *(Check one)*

    X  The debtor will seek a discharge pursuant to § 1328(a).
    ☐  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

NONE.

Dated: August 17, 2023                           /s/ Kevin K. Kercher
                                                 Attorney for Debtor

                                                 /s/ Angel L. Vargas
                                                 Debtor


                                                 _____
                                                 Joint Debtor

7

Rev 12/01/19

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

# EXHIBIT 'A'

## ANGEL VARGAS - EQUITY ANALYSIS

**REAL ESTATE**

| | | |
|---|---|---|
| | FMV | $170,000 |
| | Less 10% | $17,000   (Costs of hypothetical sale - 10%) |
| | Subtotal | $153,000 |
| | 1st mortg. | $114,500 (PennyMac balance) |
| | **Subtotal** | **$38,500** |
| | Less 522.(d)(1) | $27,900 ("homestead" exemption per Code) |
| | Less 522(d)(5) | $ 1,300 ("wild card" exemption per Code) |
| | **Subtotal/exposed:** | **$9,300** |

**TOTAL EXPOSED EQUITY IN PROPERTY:    $9,300**

**PLAN VALUE: $220 x 50 months = $11,000**